UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 17-51464

FELICIA ANN RUSH,  Chapter 7

    Debtor.  Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DISMISSING CASE**

On August 11, 2017, the Debtor, Felicia Ann Rush (the "Debtor") filed a voluntary petition for relief under Chapter 7, commencing this case. But the Debtor is not eligible to be a debtor in this case, under 11 U.S.C. § 109(g)(2), which provides:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
>
> . . .
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

The Debtor was a debtor in a case pending within the preceding 180 days of filing this case: Case No. 15-53171, which was still pending until August 3, 2017. In that case, on April 10, 2017, Creditor Consumer Portfolio Services, Inc. filed a motion for relief from the automatic stay. (Docket # 44 in Case No. 15-53171, the "Stay-Relief Motion"). On May 1, 2017, the Court entered an order granting the Stay-Relief Motion (Docket # 51). On August 3, 2017, Debtor filed a motion to dismiss that case, entitled "Notice of Intent to Voluntarily Dismiss Chapter 13 Case" (Docket # 53), and the Court entered an Order for voluntary dismissal of the case (Docket # 54).

Thus, under § 109(g)(2), the Debtor is not eligible to be a debtor in the present case, or in any bankruptcy case that is filed within 180 days after the August 3, 2017 dismissal of Case No. No. 15-53171.

The Debtor also is not eligible to be a debtor in this case under 11 U.S.C. § 109(h)(1). That provision provides in relevant part, that

> an individual may not be a debtor under this title unless such individual has, **during the 180-day period ending on the date of filing the petition** by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

(Emphasis added). The Debtor did not receive the required credit counseling briefing *during the 180-day period ending on the date of the filing of her petition*. Rather, the credit counseling certificate filed by the Debtor in this case (Docket # 3) states that the Debtor received the credit counseling briefing on September 4, *2015*, over *700 days* before her petition was filed.

For each of these reasons, this case must be dismissed.

Accordingly,

IT IS ORDERED that this bankruptcy case is dismissed.

**Signed on August 15, 2017**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**